UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MKRTICH M.,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-00194-TLN-JDP

**ORDER**

Petitioner Mkrtich M. ("Petitioner"), an immigration detainee represented by appointed counsel, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 20, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 15.) Petitioner filed objections to the findings and recommendations. (ECF No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the

Court declines to adopt the findings and recommendations as they relate to the analysis applied pursuant to *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). The Court finds the remainder of the findings and recommendations to be supported by the record and proper analysis.

The Court agrees with the magistrate judge that the appropriate test to determine whether Petitioner's detention under 8 U.S.C. § 1226(c) ("§ 1226(c)") has become unconstitutionally prolonged is the test set forth in *Lopez*, 631 F. Supp. 3d at 879. Under *Lopez*, the Court considers three factors: "[1] the total length of detention to date, [2] the likely duration of future detention, and [3] the delays in the removal proceedings caused by the petitioner and the government." 631 F. Supp. 3d at 879.

The first factor favors Petitioner. Petitioner was transferred to immigration detention on May 30, 2025. (ECF No. 14 at 2.) He has now been detained for approximately fifteen months. Court have routinely found detentions without bond hearings for similar and shorter lengths of time to be unreasonable. *See Yang v. Chestnut*, No. 1:26-CV-01902-DJC-EFB, 2026 WL 915018, at *3 (E.D. Cal. Apr. 3, 2026) (finding detention over eleven months unreasonable and collecting cases); *Rash v. LaRose*, 823 F. Supp. 3d 1174, 1181 (S.D. Cal. 2026) (finding detention over fourteen months unreasonable and collecting cases).

The second factor also favors Petitioner. The likely duration of his future detention is unclear but could plausibly extend for several years. If Petitioner is ordered removed, he could remain detained for several more months or even years while he pursues appeal to the Board of Immigration Appeals and the Ninth Circuit. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019) (noting the appeal process for an immigration judge's removal order "may take up to two years or longer."). And in the event Petitioner exhausts his avenues for appeal and is still ordered removed, Petitioner sets forth additional reasons why it is likely his detention could continue. He submits it is unlikely Armenia will accept him due to his criminal conviction. (ECF No. 16 at 3–4.) He also highlights that the Armenian government previously denied his request to transfer his criminal custody due to "the absence of any relevant documents proving [Petitioner's] Armenian citizenship." (*Id.* at 4 (citing ECF No. 1 at 38–39).) The

magistrate judge found the language from the aforementioned denial did not conclusively establish that Petitioner is not an Armenian citizen and left open for speculation whether the Armenian government fully investigated his citizenship claim, or whether Petitioner simply did not submit proof of citizenship with his application. (ECF No. 15 at 7.) While the Court agrees the language leaves room for speculation, taken at face value, it suffices to show that the Armenian government may not accept Petitioner, or will be delayed in doing so, leaving the duration of his future detention unknown. Finally, Petitioner argues that if he prevails on his application for protection under the Convention Against Torture, the process for U.S. Immigration and Customs Enforcement to find a third country to accept him will take an indefinitely lengthy time. (ECF No. 16 at 3.) Respondents did not respond to any of Petitioner's arguments. Upon review of the record, the Court agrees with Petitioner that the duration of his future detention is unknown but potentially extensive. This factor weighs in his favor.

As to the third *Lopez* factor, Petitioner notes that on at least two occasions, hearings for his removal proceedings were delayed by no fault of his own. (*Id.* at 5.) The September 15, 2025 hearing was postponed because he had not received the Notice of Intent to Terminate. (ECF No. 1 at 8.) The October 30, 2025 hearing was postponed because the computers went down. (*Id.*) While the findings and recommendations identify other instances where Petitioner may appear to have delayed his removal proceedings, the Court ultimately finds this factor does not weigh so heavily in Respondents' favor. (ECF No. 15 at 8–9.)

Upon consideration of the *Lopez* factors, the Court finds Petitioner's continued detention has become unreasonable. Due process requires Petitioner be provided a bond haring.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 20, 2026 (ECF No. 15) are ADOPTED IN PART.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents are ENJOINED from continuing to detain Petitioner Mkrtich M. (A # 078-112-451) for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral factfinder at which the

government bears the burden to justify Petitioner's ongoing detention through a showing by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

4. Within **two (2) court days from the date of the bond hearing, Respondents must file a notice of compliance with the above provision of the Court's Order** confirming that the hearing occurred, the date of the hearing, the outcome of the hearing, and Petitioner's custody status.

5. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government bears the burden to show by clear and convincing evidence that material changed circumstances demonstrate: (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. At any such hearing, Petitioner shall be allowed to have counsel present.

6. The parties are advised that any further challenges related to Petitioner's current detention should be filed in this case, using the aforementioned case number (Case No. 1:26-cv-00194-TLN-JDP).

7. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

//

//

//

IT IS SO ORDERED.

DATE: August 25, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE